IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VIROK D. WEBB, )<br>)<br>Defendant. )<br>)<br>_____ ) | Case No. 11-40078-01-JAR |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss Count Three of the Superseding Indictment for Failure to Invoke this Court's Jurisdiction (Doc. 342) and Defendant's Motion in Limine (Doc. 344).[1] The Court held a hearing on September 19, 2013, where it took the motions under advisement and the parties supplied post-hearing briefs (Docs. 422, 423) on the motion in limine. For the reasons described more fully below, Defendant's motion to dismiss is **denied** and Defendant's motion in limine is **granted**.

**I.    MOTION TO DISMISS COUNT THREE**

Defendant challenges the Court's jurisdiction under the federal witness tampering statute, 18 U.S.C. § 1512(a)(1)(C), as applied to him. Count Three of the Superseding Indictment charges Defendant with murder to prevent a person from providing information concerning a federal crime to a law enforcement officer of the United States pursuant to 18 U.S.C. § 1512(a)(1)(C). The Government must prove the following under § 1512(a)(1)(C): "(1) a killing

---

[1] Defendant's Motion for Notice Under Rule 404(b) was converted to Motion in Limine during the hearing held on September 19, 2013.

or attempted killing, (2) committed with a particular intent, namely, an intent (a) to 'prevent' a 'communication' (b) about 'the commission or possible commission of a Federal offense' (c) to a federal 'law enforcement officer or judge.'"[2] Additionally, prosecution under the federal witness tampering statute does not require a state of mind with respect to the circumstance that the law enforcement officer is an employee or agent of the federal government.[3]

Defendant relies on United States Supreme Court case, *Fowler v. United States*.[4] At issue in *Fowler* was what the Government must prove to establish that a defendant more particularly intended to prevent a communication with federal officers and not just law enforcement generally. In *Fowler*, several bank robbers conspired and killed a local officer to prevent him from reporting their robbery. The Supreme Court reasoned that one can possess intent even if there is a relatively low chance that the event the intent contemplates will occur.[5] However, "one cannot act with an 'intent to *prevent*' something that could not possibly have taken place regardless."[6] The Supreme Court explained that "the Government must show a *reasonable likelihood* that had, e.g., the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer."[7] The Government need not show that this communication would have been federal beyond a

---

[2] *Fowler v. United States*, 131 S. Ct. 2045, 2049 (2011).

[3] 18 U.S.C. § 1512(g)(2).

[4] 131 S. Ct. 2045 (2011).

[5] *Fowler*, 131 S. Ct. at 2050.

[6] *Id.*

[7] *Id.* at 2052.

2

reasonable doubt nor even more likely than not.[8]

Defendant first argues that a relevant communication to federal law enforcement would not have happened because the investigation involving the victim was purely local at the time of her death. Defendant posits that local law enforcement had not authored a single report indicating that they were investigating the victim for federal drug violations and the first mention of federal involvement in this case occurred over a year after the victim's death. Defendant notes that the Supreme Court advised that the witness tampering statute should not be transformed to bring within its ambit witness tampering that is "purely state" in nature.[9] However, this case is not *purely* state in nature. For "the Supreme Court [also] recognized that 'when a defendant acts in ways that violate state criminal law, some or all of those acts will violate federal criminal law as well.'"[10] The Government proffers that Defendant engaged in the type of widespread drug trafficking with a detailed organizational structure that would make him the target of a federal, rather than state investigation.[11] A local officer also testified that local authorities, from the outset, intended to investigate the case as a drug conspiracy and turn it over to the federal authorities. Defendant was ultimately charged with a federal offense for violating drug laws. Moreover, two months before the murder, an informant contacted the DEA — a

---

[8]*Id.*

[9]*Id.*

[10]*United States v. Ramos-Cruz*, 667 F.3d 487, 498 (4th Cir. 2012) (holding that when a federal investigation commenced one month after the relevant murder, and local authorities investigated the underlying crime actively cooperated with federal law enforcement officers, the reasonable likelihood standard was met).

[11]See *United States v. Smith*, No. JFM-11-953, 2012 WL 1145864 at *6 (D. Md. Apr. 2, 2012) (setting out several non-exclusive factors considered by DEA in determining whether to investigate, including: scale of organization, structure of organization, propensity for violence and criminal history of the parties involved).

federal agency— to report Defendant's drug activity.[12] While the DEA ultimately decided not to pursue a case against Defendant, relevant communication was documented in a report.[13] Additionally, a DEA agent testified that if the victim wanted to offer further information about Defendant's drug activity, she would not have been turned away. While a federal nexus may not have been readily apparent at the time of the murder, the federal nature of the investigation need not have been ongoing at the time of the potential witness's death.[14] Therefore, the Court finds that the Government could demonstrate a reasonable likelihood that had the victim communicated with authorities, at least one relevant communication would have been made to a federal law enforcement officer given that Defendant allegedly violated federal laws, was ultimately prosecuted at the federal level, and an informant reported his alleged drug activity to a federal agency.

Defendant further contends that because the victim did not confirm that she was willing to cooperate with local law enforcement, a communication with federal law enforcement "was never going to happen" and thus could not be prevented. The Court disagrees with this application of *Fowler*. Whether or not the victim ever intended to cooperate during that meeting remains unclear based on witness testimony. But, the witness tampering statute does not contemplate the intent of the victim but rather the intent of the offender. Determining the potential witness's unequivocal or likely intent to communicate would not only pose a challenge, but it would also undercut the purpose of the statute by encouraging, rather than deterring, the

---

[12]*See* Ex. 3.

[13]*Id.*

[14]*Ramos-Cruz*, 667 F.3d at 498.

4

rapid killing or attempted killing of a potential witness. For "[w]itness tampering may prove more serious (and more effective) when the crime takes place before the victim has engaged in any communication at all with law enforcement officers."[15] Thus, the Fourth Circuit affirmed a conviction under § 1512(a)(1)(C) even when the victim showed no intent to communicate with federal officers.[16] The Court is thus not persuaded that the victim needed to demonstrate a clear intent to communicate under § 1512(a)(1)(C). At the time of the victim's death, it was still possible for a relevant communication with federal law enforcement to occur considering that she had a briefing scheduled with local law enforcement agents who were investigating the case with plans to turn it over to federal authorities. Local law enforcement agents in this case were also investigating the victim's role in the drug conspiracy involving Defendant when they approached her. The Court finds that despite the victim's failure to confirm that she would cooperate with federal law enforcement or even local law enforcement, there was still a reasonable likelihood that had the victim communicated with law enforcement, at least one relevant communication to federal law enforcement officer would have been made.

## II. MOTION IN LIMINE

Defendant moves this Court to exclude Defendant's 2002 conviction for possession with intent to distribute five grams or more of crack cocaine under Fed. R. Evid. 404(b) and 403. The Government argued that Defendant's 2002 conviction was admissible as evidence of motive,

---

[15]*Id.* at 2049.

[16]*See United States v. Wainwright*, 480 F. App'x 238, 241(4th Cir. 2012) (finding that the jury could have reasonably assumed that a robber, who was charged with violating other federal crimes in connection with killing a witness, killed a witness to prevent her from identifying him to federal law enforcement when he told other people she saw his face and would be able to identify him); *see also Ramos-Cruz*, 667 F.3d at 487 (noting that, applying the *Fowler* standard, prosecution under § 1512(a)(1)(C) still reaches killings that occur before the victim communicates with law enforcement officers).

5

opportunity, and intent pursuant to Fed. R. Evid. 404(b). During the hearing, the Government moved to admit this evidence to support the drug conspiracy charges against Defendant; but the Government has since withdrawn its motion, noting that "such admission, under certain circumstances, constitutes error." The Government now maintains that this prior conviction is admissible as intrinsic, or *res gestae*, to the conduct charged in Count Three of the Indictment so it is not subject to Rule 404(b), which applies to extrinsic acts.[17] Evidence of other acts is intrinsic to the crime charged, and does not come within the scope of Rule 404(b), if "it was part of the scheme for which a defendant is being prosecuted,"[18] or "so 'inextricably intertwined' with the crime charged that the testimony concerning the charged act 'would have been confusing and incomplete without mention of the prior act.'"[19] "Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense."[20]

Defendant argues that the prior conviction is extrinsic to the instant charges. The Court agrees. Defendant is charged with drug conspiracies spanning 2008 to 2011, as well as murder to prevent communication to a federal officer. Evidence of the 2002 conviction is not inextricably intertwined with the factual circumstances of this case. And the lack of temporal

---

[17]*United States v. Record*, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989) (citing *United States v. Orr*, 864 F.2d 1505, 1510 (10th Cir. 1988)).

[18]*Id.* (citing *Orr*, 864 F.2d at 1510).

[19]*United States v. Treff*, 924 F.2d 975, 981 (10th Cir. 1991) (quoting *United States v. Richardson*, 764 F.2d 1514, 1521-22 (11th Cir. 1985)); *see also United States v. Jeffrey*, 128 F. App'x 680, 698–99 (10th Cir. 2005) ("Rule 404(b) only applies to acts extrinsic to the crime charged. Evidence of acts intrinsic to, inextricably intertwined with, or a *necessary preliminary* to the crime charged, is admissible.") (citing *United States v. Green*, 175 F.3d 822, 831 (10th Cir. 1999); *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993) (emphasis added)).

[20]*United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995).

proximity between the offenses alleged and his prior conviction preclude a finding of intrinsic acts. The Government argues that without evidence of this prior conviction it cannot prove that Defendant's case would have been presented to federal authorities, pursuant to § 1512(a)(1)(C). But, as discussed above, there is other evidence from which the Court found, and a jury could find, a reasonable likelihood that a relevant communication could have been made to federal authorities.

Moreover, even if Defendant's 2002 conviction was intrinsic, and therefore admissible, it would not survive the admissibility test under Rule 403, for the probative value of the prior conviction is outweighed by the danger of unfair prejudice. The conviction or conduct underlying the 2002 conviction is not intrinsic to the drug charges in this case, and has no permissible probative value. Evidence of the 2002 conviction would likely suggest that Defendant has a propensity to sell drugs, a conclusion that rule 404(b) is designed to prevent. And, Defendant faces a mandatory minimum sentence of life imprisonment on the drug charges in this case, based on his criminal history, the quantity of drugs charged and the effect of 21 U.S.C. 851(b). Thus, even if the Court found this evidence was intrinsic and not subject to Rule 404(b), it would find that admission of Defendant's prior drug conviction is substantially outweighed by the danger of unfair prejudice in violation of Fed. R. Evid. 403.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion in Limine (Doc. 344) is **GRANTED**. The 2002 conviction for possession with intent to distribute five grams or more of crack cocaine is excluded.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Dismiss Count Three of the Superseding Indictment (Doc. 342) is **DENIED.**

**IT IS SO ORDERED.**

Dated: November 8, 2013

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE